a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

WILMER RAMIREZ DOMINGO,          CIVIL DOCKET NO. 1:25-CV-01562 SEC P
Petitioner

VERSUS                                                    JUDGE TERRY A. DOUGHTY

SHAD M RICE ET AL,                      MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Wilmer Ramirez-Domingo ("Ramirez-Domingo"), who, at the time of filing, was detained at the Central Louisiana ICE Processing Center in Jena, Louisiana.

Because additional information is necessary to evaluate Ramirez-Domingo's claims, the parties must provide supplemental briefs.

I.    Background

Ramirez-Domingo is a native and citizen of Guatemala who entered the United States on September 18, 2012, as a minor pursuant to a grant of humanitarian parole under INA § 212(d)(5).  ECF No. 1 at 2, 12; 1-2 at 1; 5 at 1.

After entering the United States, Ramirez-Domingo sought classification as a Special Immigrant Juvenile ("SIJ").  USCIS approved Ramirez-Domingo's Form I-360 SIJ petition and granted deferred action in May 2024.  Ramirez-Domingo alleges that

1

he remained in the United States awaiting visa availability to seek adjustment of status to lawful permanent resident.  ECF No. 1 at 2-3, 12.

On August 24, 2025, Ramirez-Domingo was arrested on a domestic-assault charge.[1]  ECF No. 5 at 8.  Following that arrest, ICE assumed custody of Ramirez-Domingo and initiated removal proceedings.  Ramirez-Domingo alleges that the Department of Homeland Security ("DHS") charged him as inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) (entering the United States without inspection or parole) and 1182(a)(7)(A)(i)(I) (not having a valid passport or entry document).  ECF No. 1 at 6.

Ramirez-Domingo sought a custody redetermination hearing.  According to the petition, the Immigration Judge concluded that he lacked jurisdiction to consider bond under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  ECF NO. 1 at 6-7.

During removal proceedings, Ramirez-Domingo challenged both grounds of inadmissibility.  First, he argued that he had been inspected and paroled into the United States under § 212(d)(5), so he was not inadmissible under § 1182(a)(6)(A)(i).  Second, he argued that SIJ beneficiaries are not subject to inadmissibility pursuant to § 1182(a)(7)(A)(i)(I).  ECF No. 1 at 9.  On October 9, 2025, an immigration judge found Ramirez-Domingo not inadmissible and dismissed the Notice to Appear. ECF No. 1 at 9; 5 at 8.  DHS appealed to the Board of Immigration Appeals on November

---

[1] The charge was dismissed two days later.  ECF No. 1 at 42; 1-4.

2

10, 2025. That appeal remains pending, and no BIA briefing schedule has been issued.[2]

The Government acknowledge that Domingo-Ramirez entered the United States pursuant to humanitarian parole and later obtained SIJ classification and deferred action. ECF No. 5 at 7. While this action was pending, USCIS terminated Ramirez-Domingo's deferred-action designation by notice dated January 9, 2026, although the agency expressly stated that SIJ classification remained in effect. ECF No. 5-1 at 1.

The Government contends that Domingo-Ramirez remains lawfully detained under 8 U.S.C. § 1225(b)(2) as an applicant for admission. *Id.* at 2, 16-17.

## II.    Law and Analysis

The Petition and Response were filed prior to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). No briefing has been submitted since that decision. Additionally, the record does not contain evidence of whether Domingo-Ramirez's parole was revoked, expired, or was otherwise terminated.

## III.    Conclusion

To ensure that the record is complete and to facilitate a thorough review of Ramirez-Domingo's claims, IT IS ORDERED that within 21 days of this Order, the Government file a supplemental response addressing:

    (1)    Ramirez-Domingo's parole status following his entry into the United States under INA § 212(d)(5)(A), including whether the parole was ever terminated, revoked, or expired;

---

[2] https://acis.eoir.justice.gov/en/caseInformation

(2)    any documentary evidence reflecting the duration, expiration, termination, or revocation of Ramirez-Domingo's parole;

(3)    whether formal parole-termination procedures were required under applicable statutes or regulations before DHS initiated the removal proceedings at issue;

(4)    the effect, if any, of Ramirez-Domingo's parole history on the legality of his current detention; and

(5)    the effect, if any, of *Buenrostro-Mendez v. Bondi* on Ramirez-Domingo's claims.

IT IS FURTHER ORDERED that the Government provide a copy of the Notice to Appear; the Immigration Judge's decision; the Notice of Appeal to the BIA; and any parole-related documents from Ramierz-Domingo's A-file. Ramirez-Domingo may file a response within 14 days of the Government's supplemental response.

SIGNED on Tuesday, June 23, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE